UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEREDITH CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-119-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KOHL'S INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kohl's Inc.'s motion for judgment on the pleadings with respect to the sole count of Plaintiff Meredith Crawford's Amended Complaint: retaliation under the Kentucky Civil Rights Act. The motion will be denied because the plaintiff has plausibly alleged a claim for retaliation under the relatively low threshold that must be applied at this stage of litigation.

**I.**

Crawford worked at Kohl's from December 2017 to December 9, 2020, most recently in the Lexington, Kentucky store as a loss prevention supervisor. Crawford described herself a "rising star" within the company who had received various accolades.[1]

In the summer of 2020, Kohl's arranged to stock "equity" items which included a book about "how to not be a racist" and a shirt depicting different colored hands clasped together with the words "we're all in this together" printed on the item. According to Crawford, the

---

[1] The facts relevant to the dispute and outlined in the Amended Complaint are included in the Court's summary. While some or all may be disputed, they are accepted as accurate for purposes of evaluating the defendant's motion.

general manager ("GM") of the Lexington Kohl's refused to display the products, stating: "we aren't putting this crap out" and "this is Lexington, not some big city."

Several employees, including African-American workers, expressed their concern to Crawford about the GM's refusal to display the equity items for sale. Crawford encouraged the employees to make reports using the company's anonymous integrity hotline. Crawford also reported to her supervisor concerns she had with the GM's refusal to display the items and his related statements. She later reported to her supervisor complaints she had received about the GM's "racist conduct regarding the equity items, including complaints from African-American employees."

Crawford's supervisor instructed her to provide a written statement about the matter but told her not to include any reference to the racial aspect of the GM's refusal to display the equity items. Crawford then provided a written statement in accordance with her supervisor's instructions.² [*See* Record No. 23-1.] Crawford's supervisor suggested that Crawford may need to work temporarily at a different store, but there is no indication that she did so.

Crawford contends that Kohl's launched an investigation based on her complaint to her supervisor regarding the GM's conduct. She received a call from Lou Bellassai, a Kohl's human resources manager, to whom she reported the GM's refusal to display the equity items and his related comments. She also told Bellassai about the complaints from her co-workers. Bellassai told Crawford the whole situation had been a "big mix up" and the equity items had

---

² Kohl's has attached this statement to its Answer and contends the Court may consider it without converting the motion into one for summary judgment. However, factual disputes concerning the content of the document (i.e., that Crawford's supervisor told her to omit details regarding the GM's racial remarks) preclude it from being considered at this stage of the litigation.

been sent to the Lexington store by mistake. Crawford believed this to be false based on a merchandise "playbook" that showed where the items were to be placed in the Lexington store. When she attempted to explain this to Bellassai, he cut her off, stating "we're not doing this."

The following day, the Kohl's district manager came to the Lexington store. Despite being on vacation, the Lexington GM showed up as well. They began "pulling managers into the back office to interrogate them about who had complained about the GM and what had been said." Crawford asserts that "when the GM had previously found out that employees had made complaints about him, he stated his intent to find out who had complained so that he could fire them."

Several months later, on December 8, 2020, Crawford was working at the Lexington Kohl's when she became aware of a customer who was attempting to exit with merchandise that the customer had not purchased. Crawford attempted to verbally redirect the woman to the cash register. The woman grabbed Crawford's arm, tried shoving her, and punched Crawford in the face. Crawford claims to have "defended herself against the woman's attack."

Crawford immediately notified her supervisor, Andrew Vardon. He watched a video of the incident and said it looked like self-defense, which meant it was not a violation of Kohl's policy. Vardon told Crawford the same thing again the following morning. However, later that morning, Crawford received a call from Vardon and Bellassai during which they told her that her employment was terminated.

Crawford contends that she was terminated in retaliation for opposing Kohl's "racist refusal" to stock the equity merchandise. She asserts that, not long after her termination, another loss prevention employee who also reported to Vardon was not fired (or even written up) after having physical contact with a suspected shoplifter.

Crawford filed her Complaint in Fayette Circuit Court on April 2, 2021, alleging retaliation in violation of the Kentucky Civil Rights Act ("KCRA"), K.R.S. § 344.280. Kohl's removed the case to this Court and Crawford was permitted to file an Amended Complaint on June 16, 2021. On July 12, 2021, Kohl's filed a motion for judgment on the pleadings and the parties appeared for oral arguments on September 3, 2021. Kohl's maintains that Crawford was terminated for violating its policies and procedures when she confronted a shoplifter in an inappropriate manner and then asked her supervisor to refrain from reporting the violation to Human Resources.

## II.

The standard applied by this Court in reviewing a Rule 12(c) motion for judgment on the pleadings is the same as the standard applied when considering a motion to dismiss under Rule 12(b)(6). *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). These motions test the sufficiency of a plaintiff's complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether the plaintiff has set forth a plausible claim, the Court must accept all well-pleaded material allegations of the complaint as true. The motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)). However, as with a motion under Rule 12(b)(6), the assumption of truth does not extend to "legal conclusions or unwarranted factual inferences." *JPMorgan*, 510 F.3d at 581-82.

Although consideration of matters outside the pleadings generally converts a Rule 12(c) motion to a motion for summary judgment, a court may consider exhibits attached to a defendant's motion to dismiss as long as they are referred to the complaint and are central to the claims contained therein without converting the motion to one for summary judgment. *KSR Int'l Co. v. Delphi Auto Sys., LLC*, 523 F. App'x 357, 359 (6th Cir. 2013). However, the Court cannot consider the truth of disputed factual allegations contained in documents outside the pleadings. *See Zahuranec v. CIGNA Healthcare, Inc.*, 2020 WL 7335286 (N.D. Ohio Dec. 14, 2020) (citing *In Re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 467 (6th Cir. 2014)).

### III.

To prove unlawful employer retaliation under the KCRA, an aggrieved employee must prove that her employer retaliated or discriminated against her "because [s]he has opposed a practice declared unlawful by [the KCRA] or . . . made a charge, filed a complaint, testified, assisted, or participated in manner in any investigation, proceeding, or hearing under [the KCRA]." *Asbury Univ. v. Powell*, 486 S.W.3d 246, 251-52 (Ky. 2016) (quoting K.R.S. § 344.280(1)). The parties agree that only the opposition clause of § 344.280(1) applies in this case.

To establish a prima facie case of retaliation under the KCRA, the plaintiff must show that (1) she engaged in protected activity; (2) the employer knew of the exercise of the protected right; (3) an adverse employment action was subsequently taken against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 434-35 (6th Cir. 2009) ("The language of the KCRA generally tracks the language of Title VII and, thus, should be interpreted consonant with federal interpretation.").

The parties dispute whether Crawford has alleged sufficient facts to establish that she engaged in a protected activity. The defendant contends that she has not because, to be covered under the opposition clause, Crawford must establish that she contested an unlawful employment practice, i.e., the failure or refusal to hire, or discharge of an individual, or other discrimination against an individual "with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race." *See* § 344.040(1)(a). According to the defendant, Kohl's failure to display and sell equity merchandise does not constitute an unlawful employment practice as defined under § 344.040(1)(a).

However, a claim of unlawful employer retaliation under K.R.S. § 344.280(1) does not require an actual underlying violation of the KCRA to be valid. *Asbury Univ.*, 486 S.W.3d at 251. Instead, it is a protected activity to complain that an employer is violating the KCRA, as long as the employee has a "reasonable and good faith belief" that the opposed practice was unlawful. *Id.* (citing *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012) (applying Title VII). Here, Crawford contends that she opposed what she reasonably and in good faith believed was "racially harassing conduct in the workplace." [Record No. 27, p. 2]

When a plaintiff cannot satisfy the reasonable, good-faith belief standard, an unreasonable mistake of the law is generally the problem. *Wasek*, 682 F.3d at 469 (citing *Holden v. Owens-Illinois, Inc.*, 793 F.2d 745, 748 (6th Cir. 1986); *David v. ANA Television Network Inc.*, 208 F.3d 213, 2000 WL 222575, at *5 (6th Cir. 2000)). But this inquiry is necessarily fact-dependent and typically is not resolved through a motion on the pleadings. *See Asbury Univ.*, 486 S.W.3d at 252. *But see Krueger v. Home Depot USA, Inc.*, 2015 WL 4763653, at *5 (W.D. Ky. Aug. 11, 2015) (concluding that opposition to bullying and abusive remarks does not constitute protected activity under the KCRA); *Smith v. Nor-Com, Inc.*,

2013 WL 211041, at *5 (E.D. Ky. Jan. 17, 2013) (observing that opposing profanity and lying and performing internet search concerning hostile work environment are not protected activity under the KCRA).

At bottom, the plaintiff disagreed with the defendant's choice not to display and sell certain merchandise. This, of course, is not her decision. However, she also has alleged that the general manager made derogatory comments in connection with his refusal to stock the racial equity merchandise. Unlike the plaintiffs in *Krueger* and *Smith*, Crawford *plausibly* alleges an employment practice that she could have believed constituted a civil rights violation. In her view, Kohl's engaged in "race discrimination and/or harassment," which she opposed by reporting to her supervisor and HR, encouraging co-workers to report the conduct, and participating in an internal investigation. She claims her employment was terminated because of her actions. Because she has alleged *minimally* sufficient facts to state a plausible claim for retaliation under § 344.280(1), it is hereby

**ORDERED** that the defendant's motion for judgment on the pleadings [Record No. 25] is **DENIED**.

Dated: September 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky